**Raymond T. HAITH, Appellant,**

v.

**Patricia E. FOX, Appellee.**

**No. 1805.**

Municipal Court of Appeals for the District of Columbia.

Argued May 28, 1956.

Decided June 18, 1956.

Raymond T. Haith, pro se.

Charles S. Iversen, Washington, D.C., with whom James A. Willey and James A.

Crooks, Washington, D.C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The only question presented is whether there was substantial compliance with a stipulation to settle the case. The facts are these: Appellant, hereinafter called defendant, was sued for $131.90 in connection with an automobile collision. He answered and filed a counterclaim in the amount of $40. Before trial the parties entered into a settlement stipulation which was filed with the court, wherein it was agreed that defendant would pay $70 on or before August 22, 1955, and upon default, judgment would be entered for the full amount of the claim. This agreement was not complied with and a new stipulation was agreed upon in open court whereby the time for payment of the $70 was extended until noon, Saturday, September 24, 1955. Said payment was to be either in cash or money order. Defendant was advised by plaintiff's counsel that in the event he chose to come to the office on Saturday morning and found it closed, the money should be put in an envelope and placed through the mail slot in the door.

Defendant obtained a postal money order for $70 and sent it by registered mail but it was not received until sometime the following Monday. On that day judgment for the full amount was entered and the money order returned to defendant. Thereafter defendant filed a motion to vacate the judgment. During the hearing on the motion defendant produced a letter from the postal authorities, which was in response to his inquiry as to why the letter was not delivered on Saturday, September 24. The letter advised that the office of plaintiff's counsel had requested the Post Office not to deliver registered mail on Saturdays as the office was closed. The court denied the motion to vacate.

We think there was substantial compliance and if the instructions had not been

issued to the postal authorities, the registered letter containing the money order would have been delivered by the time specified in the second stipulation. Through no fault on the part of defendant the letter was delayed until Monday, and this factor should have been taken into consideration at the time of the hearing on the motion.

The trial court is instructed to vacate and set aside the judgment if defendant makes payment of $70 in court within twenty-four hours after demand. Otherwise, the judgment shall stand affirmed.

**It is so ordered**